# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 06-14028-CR-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**DARRELL BRUNSON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON THE
## SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION

    **THIS CAUSE** having come before the Court for a final hearing on October 26, 2020 with respect to the Superseding Petition for Offender under Supervision (the "Petition") (DE 674), and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court for a final hearing on Violation Numbers 1, 2, 3 and 5 of the Petition. The Government declined to proceed as to Violation Number 4.

    2.    Violation Numbers 1, 2, 3 and 5 of the Petition provide:

| | |
|---|---|
| **Violation Number 1** | **Violation of Special Condition**, by failing to participate in an approved treatment program. On or about April 30, 2020, the defendant was unsuccessfully discharged from substance abuse treatment at the Treasure Coast Counseling Center. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about May 5, 2020, in St. Lucie County, Florida, the defendant committed the offense of Sale of Cocaine, contrary to Florida Statute 893.13(1)(a). |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about May 5, 2020, in St. Lucie County, Florida, the defendant committed the offense |

|  |  |
|---|---|
|  | of Possession of Cocaine, contrary to Florida Statute 893.13(6)(a). |
| **Violation Number 5** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 15, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated. |

3.      The hearing was convened in person at the United States District Court in Fort Pierce, Florida. Defendant, his attorney, the witnesses and the undersigned were present at the hearing in person. The prosecutor and court reporter attended the hearing by video teleconference.

4.      The Government called three witnesses to the stand: U.S. Probation Officer Beau McGee, Fort Pierce Police Department (FPPD) Detective Kaycee Davis and FPPD Detective John Robert Ward. The Government also introduced five exhibits. Government Exhibit 1 is a video recording from May 5, 2020 in which Defendant is seen entering a vehicle and providing what appears to be a controlled substance (that is, crack cocaine) to a confidential informant in exchange for $20.00. Government Exhibits 2, 3 and 4 are screen shots from the controlled purchase video and another video taken on May 5, 2020. All three photographs show Defendant's face close up. Government Exhibit 5 is a drug test report from Alere Toxicology stating that a urine sample taken from Defendant on June 15, 2020 tested positive for marijuana. The defense made no objection to Government Exhibits 1 through 5 and they were admitted into evidence.

5.      Officer McGee testified that on April 18 and 25, 2020, he was notified by Treasure Coast Counseling Center that the Defendant failed to attend group counseling. Officer McGee made multiple attempts to contact the Defendant by telephone but was unsuccessful. Defendant was unsuccessfully discharged from the Treasure Coast Counseling Center on April 30, 2020. On May 8, Officer McGee contacted the Defendant. Defendant said he was sick and may need gall

bladder surgery. When Officer McGee asked about the missed counseling sessions, Defendant said he was too sick to attend. Defendant provided documentation to Officer McGee showing that on April 21 and 24, 2020 Defendant went to the emergency room at Lawnwood Regional Medical Center.

6. Officer McGee further testified that on June 15, 2020 Defendant submitted a urine specimen that tested positive for marijuana. Government Exhibit 5 is the lab report.

7. Detectives Davis and Ward testified that on May 5, 2020 they were conducting a narcotics investigation near the 2100 block of Avenue E in Fort Pierce, Florida. They utilized a confidential informant (CI) to attempt to purchase crack cocaine from street level dealers. They met with the CI at a predetermined location, searched the CI to make sure he/she was not in possession of any contraband or money, and provided the CI with $20 in prerecorded funds and a vehicle equipped with audio and video recording. The CI drove to the location. The video recording (Government Exhibit 1) shows Defendant getting into the CI's car. They engage in brief conversation and the Defendant is seen providing the CI with a white rocklike substance in exchange for $20.00. That substance field tested positive for cocaine.

8. The undersigned reviewed the video and photographs in open court. This evidence clearly shows Defendant selling drugs to the informant.

9. The Defendant did not seek to cross-examine any witnesses. Defendant also did not present any witnesses or evidence.

10. This Court has considered the Government's evidence, which was admitted without objection or cross-examination, and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1, 2, 3 and 5. The Government offered no

evidence as to Violation Number 4, so the undersigned recommends dismissal of Violation Number 4.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1, 2, 3 and 5, but that Violation Number 4 be dismissed. The Court further recommends that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this __30th__ day of October, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE